**UNITED STATES of America**

v.

**Gary Rocco GARRAMONE et al.**

**Crim. No. 73–648.**

United States District Court, E. D. Pennsylvania.

April 23, 1974.

See also D.C., 374 F.Supp. 256.

Robert E. J. Curran, U. S. Atty., Albert J. Wicks, Sp. Atty., Organized Crime & Racketeering Section—Dept. of Justice, Philadelphia, Pa., for plaintiff.

Oscar B. Goodman, Las Vegas, Nev., for all defendants.

## OPINION

BECHTLE, District Judge.

The above four defendants have been charged in a two-count indictment with violation of Federal gambling laws. Count I of the indictment, based on 18 U.S.C. § 371, charges defendants Garramone, Lumio, Catalano and Tramontina with conspiracy to violate 18 U.S.C. § 1952. In Count II, defendants Garramone, Catalano and Tramontina are charged under § 1952 with the substantive offense of using a facility in interstate commerce with the intent to carry on or facilitate the carrying on of an unlawful activity. The parties have stipulated to the facts and testimony upon which the criminal liability of the four defendants shall be determined. The sole function of this Court is to determine whether the stipulations submitted establish beyond a reasonable doubt the guilt of the defendants.

To establish defendants' guilt, the Government relies primarily upon evidence derived from a court-ordered electronic surveillance of a telephone subscribed to by defendant Garramone and located at defendant Garramone's residence in Springfield, Pennsylvania. Transcripts of 21 conversations which are representative of the gambling related conversations intercepted during the period from December 1 to December 11, 1972, have been admitted into evidence by stipulation of the parties involved. Additional evidence was derived from a "touch-tone decoder" device placed on defendant Garramone's telephone during the same period, also pursuant to Court order. This device provided a record of the outgoing numbers dialed from defendant Garramone's telephone.

The parties have also stipulated that Special Agents of the Federal Bureau of Investigation would testify that they can identify the voices of the four defendants as being the voices of those individuals appearing on the various magnetic tapes of the transcribed conversations on the dates and at times set forth in the stipulations.

The Government has also offered the stipulated expert testimony of Special Agent R. Phillip Harker, who is assigned to the Gambling Section of the Federal Bureau of Investigation Laboratory in Washington, D. C. Agent Harker's testimony, which describes in significant detail the gambling operations in which the four defendants are involved is based on his expert analysis of the 21 transcribed conversations which have been admitted into evidence.

■ To prove a violation of 18 U.S.C. § 1952, the Government must establish three basic elements:

(1) That the defendants Garramone, Catalano, and Tramontina used an interstate facility;

(2) That they used it with an intent to carry on or facilitate the carrying on of an unlawful activity; and,

(3) That the three defendants subsequently performed or attempted to perform acts to carry on or facilitate the carrying on of the unlawful operation.

■ ■ A review of the evidence presented to the Court in the form of a stipulation to the facts and testimony which would have been adduced had this case proceeded to trial, and the memoranda of law submitted by counsel, has convinced the Court that defendants Garramone, Catalano, and Tramontina are guilty beyond a reasonable doubt of violating 18 U.S.C. § 1952. The evidence clearly establishes the essential elements necessary to support a conviction of the above three defendants under § 1952.

As previously discussed, Count I charges all four defendants with conspiracy to violate 18 U.S.C. § 1952. To establish a conspiracy under § 371 of Title 18, the Government must prove that the four defendants entered into an unlawful agreement to violate 18 U.S.C. § 1952 and that thereafter at least one overt act in furtherance of the unlawful conspiracy was performed by one or more of the co-conspirators. Based on the stipulated evidence, I find that the defendants listed in Count I of the indictment are guilty of conspiracy to violate § 1952 beyond a reasonable doubt. The unlawful agreement and the overt acts performed in furtherance of such agreement have been proven through the number and content of the telephonic communications among the co-conspirators and the unlawful use of the information received over the telephone in the acceptance and placement of wagers, as fully described in the stipulated expert testimony of Special Agent R. Phillip Harker.

Defendants raise two legal contentions in support of their motion for a judgment of acquittal. Initially, the defendants submit that 18 U.S.C. § 1952 does not apply to the facts of this case. Section 1952 provides, in relevant part, as follows:

"(a) Whoever . . . uses any facility in interstate or foreign commerce, including the mail, with intent to—

(3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, . . . shall be fined not more than $10,000 or imprisoned for not more than five years, or both."

The statute defines "unlawful activity" to include a business enterprise involving gambling offenses in violation of the laws of the state in which they are committed. 18 U.S.C. § 1952(b). The defendants' position is that the evidence does not establish a business enterprise within the meaning of the statute, but only a small, sporadic and unorganized gambling operation in Philadelphia.

■ The term "business enterprise" has been defined as a "continuous course of criminal conduct" rather than sporadic or casual involvement. United States v. Donaway, 447 F.2d 940, 944 (9th Cir. 1971); United States v. Cozzetti, 441 F.2d 344, 348 (9th Cir. 1971). The stipulated evidence reveals a gambling operation whereby the defendants Tramontina and Catalano communicated from Las Vegas, Nevada, via telephone certain wagering or "line information" to defendant Garramone in Philadelphia, Pennsylvania. Garramone then relayed the information received from Las Vegas to Lumio, who, in conjunction with Garramone, relied on such line information in the acceptance and placement of wagers on sporting events. The frequency, duration, and content of the conversations intercepted during the period of surveillance strongly support this Court's determination that the defendants engaged in a business enterprise within the purview of the statute. The fact that the Government has not established a connection between the subject gambling operation and organized crime and racketeering does not preclude a conviction for violation of § 1952. See, United States v. Pauldino, 443 F.2d 1108, 1112 (10th Cir. 1971); Spinelli v. United States, 382 F.2d 871 (8th Cir. 1967), rev'd on other grounds, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

In addition, defendants argue that the application of 18 U.S.C. § 1952 to the

facts of this case leads to an extreme and improper extension of Federal criminal jurisdiction. Under the relevant provisions of the statute, an unlawful activity is defined as a gambling offense which is a violation of the law of the state in which the offense is committed. Section 4607 of 18 Purdon's Pennsylvania Statutes provides for a fine of not more than $500 or imprisonment of not more than one year, or both. A violation of this section of Pennsylvania Statutes is a misdemeanor, while a violation of the Federal gambling statute is a felony. Section 1952 of 18 U.S.C. holds that violators "shall be fined not more than $10,-000 or imprisoned for not more than five years, or both." Presumably, defendants' position is that a criminal offense which constitutes a misdemeanor under a State law cannot be transformed into a felony by incorporation of State law into a Federal criminal statute.

■ The resolution of defendants' contention in this regard is clear. Congress, pursuant to its constitutional power to regulate interstate commerce, has chosen to make the use of any facility in interstate commerce to promote or carry on an unlawful activity a felony punishable by a fine of $10,000 or imprisonment for a term of five years, or both. When committed inside the confines of a state, gambling offenses are within the purview of State law. However, when such gambling activity, determined to be unlawful by the state in which the activity occurs, rises to the interstate level through the utilization of an interstate facility, such unlawful activity becomes subject to Federal jurisdiction. The admitted interstate nature of the activity involved here provides the requisite basis for Federal criminal jurisdiction.

■ Congress has made the use of a telephone facility in interstate commerce to promote a gambling operation a felony. The fact that gambling is deemed to be a misdemeanor by a particular state bears no significance whatsoever to the facts of this case. Variations in State law must not stand as an interference with Federal regulation of interstate commerce.

Prosecution of gambling offenses under § 1952 enlarges neither Federal nor State criminal jurisdiction. Section 1952 is a Federal law. All questions as to the application of the provisions of this statute or the extent of the penalty provided thereunder are issues of Federal law. United States v. D'Amato, 436 F.2d 52, 54 (3rd Cir. 1970). The substance of a charge of unlawful activity under § 1952 is the violation of Federal law. State law serves merely a definitional purpose under the above statute. United States v. Cerone, 452 F.2d 274 (7th Cir. 1971); United States v. Karigiannis, 430 F.2d 148 (7th Cir. 1970).