UNITED STATES of America, Appellee,

v.

Frank Joseph PEZZINO, Appellant.

No. 75–2305.

United States Court of Appeals,
Ninth Circuit.

Jan. 23, 1976.

Elizabeth Meyer (argued), San Diego, Cal., for appellant.

Reuben H. Wallace, Jr., Atty. (argued), Dept. of Justice, Washington, D. C., for appellee.

OPINION

Before HUFSTEDLER and WALLACE, Circuit Judges, and PALMIERI,* District Judge.

* Honorable Edmund L. Palmieri, United States District Judge for the Southern District of New York, sitting by designation.

PER CURIAM:

Pezzino appeals from his conviction for violating 18 U.S.C. §§ 371, 1084(a) and 1952(a).

■ He first contends that his conviction for conspiracy (§ 371) fails because Wharton's Rule[1] prevents him from being convicted for a conspiracy when the substantive offenses upon which it was based required concert of action between or among two or more persons. The argument is unavailing because the substantive offenses stated in sections 1084(a) and 1952(a) can be committed by a person acting alone as well as by persons acting in concert. For example, a bookmaker could be convicted for violating section 1084(a) if he used a telephone to lay off a bet even though his fellow gambler failed to answer the telephone, and he could violate section 1952(a) if he took a plane cross-country to pay off a bet, even if his payee turned out to be unavailable. A Wharton Rule challenge is determined by an analysis of the statute creating the substantive offense and not by the evidence introduced in a particular case to prove the offense. (*Iannelli v. United States* (1975) 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616).[2]

■ Next, Pezzino contends that the evidence was insufficient to support his conviction for violating section 1084(a) because he was merely a receiver and not a transmitter of wagering information. We disagree with his characterization of the evidence, but even if we accepted his view, the evidence was adequate because the statute forbids the use of interstate facilities for sending or receiving wagering information. (*E. g., United States v. Sellers* (5th Cir. 1973) 483 F.2d 37; *United States v. Tomeo* (10th Cir. 1972) 459 F.2d 445; *Sagansky v. United States* (1st Cir. 1966) 358 F.2d 195.)

■ Finally, he argues that the affidavit supporting the application for the wiretap did not measure up to the standards of *United States v. Kalustian* (9th Cir. 1975) 529 F.2d 585. We disagree. The affidavit in question was not conclusory. True, it was not a model of perfection, but it was sufficient to pass the *Kalustian* test. It discussed all of the normal techniques that had been tried and failed, and in respect of those untried, the affidavit gave reasons why they would not work in this particular case. The only method not discussed was the use of a government informant who would consent to recording his conversations with Pezzino. The failure to try this alternative does not make the affidavit defective. The issuing judge would have have been justified in concluding that no persons were available for this role. Moreover, the privacy that *Kalustian* is designed to protect would be as successfully rent by an informer's recording as by an anonymous tap.

Affirmed.

---

1. "An agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission." 1 R. Anderson, Wharton's Criminal Law and Procedure § 89, at 191 (1957).

2. *Iannelli* also disposes of the double jeopardy claim adversely to Pezzino.