**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Clifford L. RUETER and Maurice D. Thoreson, Defendants-Appellants.**

**Nos. 75–2900 and 75–2901.**

United States Court of Appeals, Ninth Circuit.

May 24, 1976.

** Honorable William H. Orrick, Jr., United States District Judge, Northern District of California, sitting by designation.

Michael Stepanian, San Francisco, Cal., (argued), for defendants-appellants.

Eb F. Luckel, Asst. U. S. Atty., San Francisco, Cal. (argued), for plaintiff-appellee.

## OPINION

Before CHOY and KENNEDY, Circuit Judges, and WONG,* District Judge.

CHOY, Circuit Judge:

Rueter and Thoreson were convicted of conspiracy to possess, with intent to distribute, hashish, a controlled substance. Possession with intent to distribute is a crime under 21 U.S.C. § 841(a)(1) and conspiracy to violate a narcotics law is prohibited by 21 U.S.C. § 846.

On appeal they bring "Wharton's Rule," impossibility, and entrapment challenges against their convictions.

We affirm.

### Facts

Thoreson approached a Drug Enforcement Administration (DEA) informant and said that he was looking for a major source of hashish. The informant introduced Thoreson to DEA undercover agents. Thoreson expressed interest in buying 106 kilograms of hashish for $110,000. The agent said he would provide the hashish, but the deal fell through.

Subsequently Thoreson brought Rueter to meet with the agents, describing Rueter as a long-time friend and business associate. Rueter said that he had buyers for 50 kilo-

---

* Honorable Dick Yin Wong, United States District Judge, District of Hawaii, sitting by designation.

grams at $1,800 per kilogram. The parties made arrangements for a sale of the 106 kilograms to Thoreson and Rueter with Rueter making a $27,000 cash down payment and the balance to be paid from the profits on this and another deal in which Rueter was engaged.

When Rueter handed over the down payment, he was arrested along with Thoreson.

## Wharton's Rule

■ Wharton's Rule is that "[a]n agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission." 1 R. Anderson, Wharton's Criminal Law & Procedure 191 (1957). Classic Wharton's Rule offenses are crimes such as adultery, incest, bigamy and duelling, which are characterized by a congruence of the agreement with the substantive offense. The rule is considered an aid to the construction of statutes—a presumption that the legislature intended that the conspiracy count be merged with the substantive offense. *Iannelli v. United States,* 420 U.S. 770, 785–86, 95 S.Ct. 1284, 1293, 43 L.Ed.2d 616, 627 (1975).

Application of the rule is limited to cases in which the essential participants are the only conspirators. *Gebardi v. United States,* 287 U.S. 112, 122 n. 6, 53 S.Ct. 35, 37, 77 L.Ed. 206, 211 (1932); *Baker v. United States,* 393 F.2d 604, 610 (9th Cir.), *cert. denied,* 393 U.S. 836, 89 S.Ct. 110, 21 L.Ed.2d 106 (1968). The crime of possession with intent to distribute is frequently committed by a single person so Wharton's Rule has no bearing. *See United States v. Pezzino,* 535 F.2d 483 (9th Cir. 1976). Even if it did, this case would fall under the "third party" exception of *Gebardi, supra,* since there were two buyers involved, and only one would be necessary to a sale.

## Impossibility

■ Rueter and Thoreson urge that because DEA policy is against actually providing the drugs to buyers in deals such as this one, they could not have possessed it and are entitled to an absolute defense of impossibility.

In fact, of course, defendants were convicted of conspiring to violate the law. The conspiracy was complete when the conspirators had agreed to commit the offense and one of them had done an overt act in furtherance of the agreement. The accomplishment of the conspiracy's goal is immaterial to the crime. *United States v. Bayer,* 331 U.S. 532, 542, 67 S.Ct. 1394, 1399, 91 L.Ed. 1654, 1661 (1947).

## Entrapment

■ In *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), the conviction of Russell for having unlawfully manufactured methamphetamine was upheld. Russell had argued that, since an undercover agent had provided a scarce ingredient necessary to the manufacture of the drug, he had been entrapped, and that the infiltration of the operation was fundamentally unfair.

In the present case the Government did little, if anything at all, to create the conspiracy. Thoreson initiated the contact with the DEA informant, and he found his co-conspirator without the help of the Government. In *Russell, supra,* the undercover agent had initiated the contact with the defendants, provided them with a raw material, and asked them to deal with him. If that course of conduct was acceptable, the course of conduct in this case is as well.

The instructions given to the jury on entrapment were unobjectionable and the defendants' attack on them is without merit.

AFFIRMED.