[No. 45884.   En Banc.   May 10, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. NEIL B. LANGWORTHY, ET AL, *Petitioners.*

*Michael L. Lewis,* for petitioners.

*Patrick R. McMullen, Prosecuting Attorney,* for respondent.

HOROWITZ, J.—This appeal turns on the question whether a charge of conspiracy to deliver a controlled substance will lie against the deliverer and the intended recipient where no third person is involved in the alleged agreement. We hold the conspiracy charge will not lie, reverse the trial court and dismiss the charge against petitioners.

Petitioners Neil and Ellen Langworthy are brother and sister–in–law. At the time of the alleged offense Neil was serving a term in the Skagit County Jail. On April 2, 1976, Ellen visited Neil at the jail and gave him a pack of cigarettes and offered to give him $5 to buy more. Neil was a heavy smoker, usually smoking one and a half packs a day.

Ellen left the $5 with the jailer to be placed in Neil's property box. Neil testified, however, that he had refused Ellen's offer of the money, and did not know she was leaving it for him. Ellen also testified she did not tell Neil she was leaving the money.

Just a few hours after Ellen left, Neil asked a jailer to call her and tell her to bring him some cigarettes. If she were unable to come, "Jake" was to bring them. "Jake" was a friend and recent guest at the home Neil and Ellen kept together, and was a known heroin user.

The call requesting cigarettes was placed. The following morning Neil again asked a jailer to call Ellen and tell her to bring him some cigarettes. This second call was placed as well. On neither occasion did Ellen say anything in response to the message. She did not tell the jailers she had left $5 in Neil's property box specifically for the purpose of buying cigarettes.

On April 3 Ellen returned to the jail with a carton of cigarettes for Neil. A routine inspection made after she left revealed the cigarettes contained heroin and certain drug related paraphernalia. The following day Ellen left town. On April 14 she surrendered voluntarily at the Skagit County Sheriff's Office. Both she and Neil denied having had any knowledge that the cigarettes contained heroin.

Neil and Ellen were originally charged with conspiracy to deliver a controlled substance in violation of RCW 69.50-.407, a provision of the Uniform Controlled Substances Act. An amended information added a second count of delivery of a controlled substance in violation of RCW 69.50.401. Due to difficulties in scheduling the trial in time to meet the speedy trial requirements of CrR 3.3, the parties entered into a stipulation whereby the State agreed to drop the second count of delivery in exchange for petitioners' agreement not to raise the speedy trial issue. This left the charge of conspiracy as the only charge pending against petitioners.

The case was tried without a jury, the trial judge finding petitioners guilty of conspiracy to deliver a controlled substance. The Court of Appeals affirmed the judgment, and this court granted the petition for discretionary review.

Petitioners raise three issues for consideration by this court. The first is whether, as a matter of law, the deliverer and intended recipient of a controlled substance, acting alone, can be guilty of the crime of conspiracy to deliver. The other two issues relate to the admissibility of certain evidence against Ellen and the sufficiency of the evidence to prove the crime charged. Since we hold the charge of conspiracy will not lie in this case, we do not reach the other issues which relate peculiarly to the proof of the crime of conspiracy.

Petitioners are charged under RCW 69.50.407 which prohibits any conspiracy to commit an offense defined by the Uniform Controlled Substances Act, RCW 69.50. RCW 69.50.401 of the act prohibits delivery of a controlled substance. A delivery is an "actual, constructive, or attempted transfer *from one person to another* of a controlled substance". (Italics ours.) RCW 69.50.101(f). The substantive offense of delivery thus necessarily requires the participation of two persons—the deliverer and the intended recipient. If there is no intended recipient, there can be no delivery under this statute.

The widely recognized rule of construction known as Wharton's Rule states that when a substantive offense necessarily requires the participation of two persons, and where no more than two persons are alleged to have been involved in the agreement to commit the offense, the charge of conspiracy will not lie. 1 R. Anderson, *Wharton's Criminal Law & Procedure* § 89, at 191 (1957). This rule was originally intended to preserve the distinction between the crime of conspiracy and the substantive offense, and to avoid double jeopardy problems. *Iannelli v. United States,* 420 U.S. 770, 43 L. Ed. 2d 616, 95 S. Ct. 1284 (1975). Today it is considered a rule of construction which creates a presumption that, in the absence of an expression of legislative

intent to the contrary, the potential charge of conspiracy is merged into the substantive offense. *United States v. Rueter,* 536 F.2d 296, 298 (9th Cir. 1976). *See also, Iannelli v. United States, supra* at 782.

Where a substantive crime necessarily requires the concerted participation of two persons, we may say that an agreement between those two persons is implied. The potential charge of conspiracy is considered merged into this implied agreement, and conspiracy will therefore not lie as a separate offense. If a third person does participate so as to enlarge the scope of the agreement, however, all three may be charged with conspiracy. *See United States v. Rueter, supra; Baker v. United States,* 393 F.2d 604, 610 (9th Cir. 1968).

The State concedes this rule is a correct statement of a principle governing statutory construction. The principle has already been applied by appellate courts of this state. *See State v. Warnock,* 7 Wn. App. 621, 501 P.2d 625 (1972). *See also, State v. Catterall,* 5 Wn. App. 373, 486 P.2d 1167 (1971). Moreover, Wharton's Rule itself is widely recognized by both state and federal courts. *See Iannelli v. United States, supra* at 774 and cases cited therein.

█ Applying the rule to the circumstances of this case, we conclude the charge of conspiracy will not lie. The crime of delivery necessarily requires the participation of two persons, and only those two are alleged to have participated in the illicit agreement. The conspiracy statute itself is framed in only general terms and does not convey any clear intent that the agreement between the deliverer and recipient may be separately charged as a conspiracy. The presumption is therefore raised that the conspiracy is merged into the substantive offense, and cannot be separately charged.

The judgment is reversed and the case dismissed.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, BRACH-TENBACH, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.