STATE OF NORTH CAROLINA v. JAMES ROMEO CALDWELL

No. 834SC627

(Filed 15 May 1984)

1. **Criminal Law § 102.6— prosecutor's argument to jury—presenting prejudicial facts not introduced into evidence—prejudicial error**

   A prosecutor committed prejudicial error by stating in his argument to the jury that one of the State's witnesses was in jail and that when he asked the witness to testify the witness had answered in an unpleasant manner and that that was why he had failed to testify. No evidence regarding the witness' whereabouts had been presented, although he was quoted, to defendant's detriment, and it was error to present facts in the argument that had not been introduced into evidence.

2. **Conspiracy § 6— sufficiency of evidence**

   The evidence was sufficient to convict defendant of conspiring to sell and deliver marijuana where the evidence tended to show that an undercover agent was introduced to a co-conspirator and sought to purchase a quarter pound of marijuana; after obtaining a car, the co-conspirator, the driver of the car, the agent and the agent's informant drove to defendant's house; the co-conspirator went to the house and talked with defendant; the co-conspirator and defendant then left in another car and when they returned about thirty minutes later, the co-conspirator gave the agent a bag containing $60 worth of marijuana and the agent gave the co-conspirator $60; and the co-conspirator then gave some of this money to defendant, who was standing by the carport approximately thirty feet from where the drug transaction occurred.

3. **Conspiracy § 3— co-conspirator acting as agent for buyer—no merit to theory that they were but one person legally**

   Defendant's conviction for conspiracy to sell and deliver marijuana was not improper because of the Wharton Rule where the co-conspirator acted as agent for the buyer of the marijuana since there was no merit to defendant's theory that the agent and the buyer were but one person legally.

APPEAL by defendant from *Reid, Judge.* Judgment entered 10 February 1983 in Superior Court, SAMPSON County. Heard in the Court of Appeals 12 January 1984.

Defendant, tried for conspiring to sell and deliver marijuana, possession with intent to sell marijuana and the sale of marijuana, was convicted of the conspiracy count, but acquitted of the other charges.

*Attorney General Edmisten, by Assistant Attorney General Walter M. Smith, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Marc D. Towler, and James R. Glover, for the defendant appellant.*

PHILLIPS, Judge.

Defendant contends the trial court erred in four respects. His first three contentions have no merit, but his fourth does and a new trial is required.

[1] The meritorious contention is based on the District Attorney's argument to the jury. McAllister, the alleged co-conspirator, was not present during the trial, and thus did not testify in support of the State's theory. In his closing argument, defense counsel questioned why the State failed to call McAllister as a witness. In his argument, the District Attorney stated that McAllister was in jail and that when he asked McAllister to testify he answered in an unpleasant manner. Defendant objected to these remarks, but his objection was overruled. No evidence regarding McAllister's whereabouts had been presented, although he was quoted, to defendant's detriment, by some of the State's witnesses. Though counsel is allowed wide latitude in arguing cases to the jury, the bounds do not include presenting prejudicial facts not introduced into evidence. *State v. Monk*, 286 N.C. 509, 212 S.E. 2d 125 (1975). By so arguing, the District Attorney, in effect, testified that McAllister was in jail and uncooperative, and the jury could have easily inferred therefrom that McAllister was in jail because he had been convicted of the offenses that defendant was being tried for. From the earliest time, "traveling outside the record" in jury argument has been disapproved by our courts. *State v. Goode*, 132 N.C. 982, 43 S.E. 502 (1903). The prejudicial effect of these ill-advised remarks is, we think, self-evident.

Though we hold that they have no merit, we briefly discuss defendant's other contentions, since the questions might be raised at retrial. Defendant's first contention is that undercover agent Conerly's testimony regarding certain statements that McAllister made to him concerning defendant's participation in the drug deal was erroneously received into evidence. But the testimony was of-

fered for the limited purpose of showing only that the statements were made, and the court so instructed the jury. This did not violate the hearsay rule. 1 Brandis N.C. Evidence § 141 (2d ed. 1982).

[2] The next contention is that the evidence was insufficient to prove the conspiracy charge. In our opinion, the evidence viewed favorably to the State, as the law requires, contains substantial evidence of every material element of the charge, *State v. Locklear*, 304 N.C. 534, 284 S.E. 2d 500 (1981), and defendant's motion to dismiss the charge of conspiracy was properly denied. The evidence tended to show that: Conerly, an undercover agent, was introduced to McAllister and sought to purchase a quarter pound of marijuana; after obtaining a car, McAllister, Willie Wilson, the driver of the car, Conerly and Conerly's informant drove to defendant's house, Conerly, Wilson and the informant remaining in the car while McAllister went to the house and talked with defendant. McAllister and defendant then left in another car and when they returned about thirty minutes later, McAllister gave Conerly a bag containing $60 worth of marijuana and Conerly gave McAllister $60. McAllister then gave some of this money to defendant, who was standing by the carport approximately thirty feet from where the drug transaction occurred. This evidence covered in a very substantial way, we believe, all the elements of conspiring to sell and deliver marijuana, and submitting the issue to the jury was not error. The argument that the evidence becomes sufficient to convict only by stacking inference on inference, in violation of *State v. LeDuc*, 306 N.C. 62, 291 S.E. 2d 607 (1982), is rejected. The cases are not similar. In *LeDuc* there was only circumstantial evidence to link the defendant to the conspiracy; no evidence put him at the criminal scene and there was no evidence that he received any money from the transaction; whereas, in this case, there was evidence not only that defendant was present when the illicit transaction occurred, but that he received money from it as well.

[3] Defendant finally contends that his conviction was improper because of the Wharton Rule. Under the Wharton Rule when a substantive offense necessarily requires the participation of two people and no more than two people are shown to have been involved in the agreement to commit the offense, the charge of conspiracy will not lie. *State v. Langworthy*, 92 Wash. 2d 148, 594 P.

2d 908 (1979); 4 Charles E. Torcia, *Wharton's Criminal Law* § 731 (14th Ed. 1981). Defendant contends that even if there was sufficient evidence from which the jury could find that he agreed to obtain marijuana for the undercover agent, he was not guilty of conspiracy because only two people were involved in the crime. The claim is based on the premise that McAllister acted as agent for the buyer of the marijuana, and that therefore they were but one person legally. We cannot agree. One of the hallmarks of a conspiracy is that each conspirator is an agent for the others. Furthermore, there was evidence that defendant and McAllister conspired to sell marijuana to some third person. The fact that the third person approached McAllister for aid in purchasing the marijuana does not mean that McAllister and the third person must be considered as one.

New trial.

Judges ARNOLD and JOHNSON concur.