**UNITED STATES of America**

v.

**Darnell PHILLIPS, Appellant.**

**No. 91–3252.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Jan. 27, 1992.

Amended Opinion March 3, 1992.

Rehearing and Rehearing En Banc Denied
May 11, 1992.

William C. Carpenter, Jr., U.S. Atty., Richard G. Andrews, First Asst. U.S. Atty., Robert J. Prettyman, Asst. U.S. Atty., Wilmington, Del., for appellee.

William H. Murphy, William H. Murphy, Jr. & Associates, Baltimore, Md., for appellant.

Before: MANSMANN, HUTCHINSON and ROSENN, Circuit Judges.

OPINION OF THE COURT

MANSMANN, Circuit Judge.

In this appeal from a judgment of sentence after a jury trial, we are faced with the questions of whether the district court erred by failing to suppress evidence obtained through a court ordered wiretap, failing to grant an acquittal on Count II of

the indictment on the basis of double jeopardy, failing to adequately charge the jury on multiple conspiracies, and, by enhancing the offense level under the Sentencing Guidelines. Because we do not find any legal error or abuse of discretion on the part of the district court, we will affirm the judgment of conviction and order of sentence.

## I.

In February of 1990, the federal Grand Jury for the District of Delaware indicted Darnell Phillips on multiple counts ranging from conspiracy to distribute cocaine (Count I); conspiracy to use a telephone to facilitate a felony drug offense (Count II); use of a telephone to facilitate a felony drug offense (Counts IV, VIII, X, XV, XVI, XVIII, and XX) and possession with intent to distribute cocaine (Count XXI).

The indictment arose out of an investigation by Delaware State Police detectives including electronic surveillance by a court ordered wiretap. The investigation disclosed that Phillips travelled to Philadelphia approximately three to four times a month to purchase four to six ounces of cocaine which he then sold to Darryl Jarmon and his co-conspirators.

After his arraignment, Phillips, with his co-defendants, filed several motions with the district court. In particular, Phillips raised the issue that the government had failed to exhaust all investigative means before obtaining the court order for the wiretap which was placed on his co-defendant's telephone. The district court denied the defendants' motions. Phillips' co-defendants later entered guilty pleas.

After a jury trial, at which many of Phillips' co-defendants testified against him, Phillips was found guilty on all counts. He was sentenced by the district court on April 16, 1991, to 188 months incarceration, five years supervised release and a special $500 assessment. Phillips filed a timely appeal from the conviction and sentence.

## II.

We review *de novo* the question of whether a full and complete statement of necessity for a wiretap was made in the application. Once it is determined that the statement was made, we will review the court's determination of necessity for an abuse of discretion. We have plenary review of the question of the district court's refusal to enter a judgment of acquittal as to Count II on the basis of double jeopardy since it involves a question of law. We review Phillips' challenge to the instructions on multiple conspiracies given to the jury by the district court under an abuse of discretion standard. With respect to sentencing under the Sentencing Guidelines, we will not reverse the district court's decision to enhance the offense level unless we determine that the factual finding supporting the enhancement is clearly erroneous.

## III.

Phillips contends that the district court should have suppressed the contents of the wiretapped conversations because the government failed to make a full and complete statement as to whether traditional investigative techniques had been tried and failed or would be too dangerous. The statement of necessity to which Phillips refers is a statutory requirement of 18 U.S.C. § 2518(1), which provides that an application for an order authorizing the interception of communications "shall be made in writing upon oath or affirmation" and shall include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1).

Phillips argues that only if other investigative methods have been exhausted or would be too dangerous or impractical, should a wiretap order be granted. The government contends that this is a new theory not advanced before the district court. Our review of the record reveals that Darryl Jarmon's motion to suppress the wiretap evidence was denied on August 3, 1990 along with Phillips' motion to sup-

press the evidence of the police search at the time of his arrest. The district court treated the motion to deny the wiretap evidence as though both defendants were advancing the arguments. Therefore, for review purposes, we will treat the issue as one having been placed before the district court.

We refuse to place as strict an interpretation on the wiretap statute as Phillips wishes. Moreover, we have reviewed the statement in the application by the government regarding the use of normal investigative procedures and note that the government believed that the use of an undercover agent would have been too dangerous due to the close association of the conspiracy's members and because the area was a small community where everyone was acquainted and outsiders would have been immediately suspect. Appendix at 785–86. Thus, we conclude that the district court did not abuse its discretion by considering the government's affidavit to be a full and complete statement of necessity.

■ Phillips next argues that a judgment of acquittal should have been entered by the district court as to Count II because Count II, conspiracy to use the telephone to facilitate a felony drug offense was included in Count I, conspiracy to distribute cocaine. Phillips reasons that because two people are necessary to have a telephone conversation and two people are necessary to have a conspiracy, then Count II is duplicitous to the general conspiracy in Count I. Furthermore, Phillips argues, under Wharton's Rule, two people may not be convicted of conspiracy to commit a crime if the crime requires two people to commit it. *Iannelli v. United States*, 420 U.S. 770, 773–74 n. 5, 95 S.Ct. 1284, 1288 n. 5, 43 L.Ed.2d 616 (1975). Therefore, Phillips reasons, he is being exposed to multiple punishments for the same crime.

Wharton's rule provides:

An agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission.

1 Anderson, Wharton's Criminal Law and Procedure § 89, 191 (1957). Wharton's Rule arose in cases involving crimes such as bigamy, adultery and dueling where the immediate consequences of the crimes were felt by those involved. *United States v. Bommarito*, 524 F.2d 140, 144 n. 3 (2d Cir.1975).

■ Wharton's Rule is inapplicable to Phillips' conviction on count two for two reasons. First, Wharton's Rule does not apply where more persons than are necessary to complete the substantive offense are involved in the conspiracy. *Iannelli*, 420 U.S. at 782 n. 15, 95 S.Ct. at 1292 n. 15; *United States v. Rueter*, 536 F.2d 296, 298 (9th Cir.1976). Count two charged Phillips and four other defendants with conspiracy to use the telephone to facilitate the distribution of cocaine in violation of 21 U.S.C. § 846. The evidence at trial supported this charge with respect to the involvement of more than two participants. Thus, while only two persons are necessary to complete the substantive offense of using the telephone to facilitate the distribution of cocaine, more than two persons were involved with conspiracy to commit the substantive offense. App. at 805.

■ Second, Wharton's Rule "has current vitality only as a judicial presumption, to be applied in the absence of legislative intent to the contrary." *Iannelli*, 420 U.S. at 782, 95 S.Ct. at 1292. At least two United States Courts of Appeals have held that Congress did not intend Wharton's Rule to apply to section 846, the conspiracy section that the indictment charged Phillips with violating, because the consequences of the conspiracy are felt by society at large. *Bommarito*, 524 F.2d at 144. *See also United States v. Jones*, 801 F.2d 304, 311 (8th Cir.1986). We agree with our sister courts of appeals that Congress did not intend Wharton's Rule to be applicable to § 846. Therefore the district court did not err in denying Phillips' motion for judgment of acquittal on Wharton Rule grounds.

■ Phillips next contends that the district court abused its discretion by fail-

ing to charge the jury with the defense's proffered charge. We will reverse the district court's denial to charge a specific jury instruction only when the requested instruction was correct, not substantially covered by the instructions given, and was so consequential that the refusal to give the instruction was prejudicial to the defendant. Phillips' requested charge on multiple conspiracies, rather than assisting the jury, would have confused them by its reference to numerous defendants when only one co-defendant was on trial. Moreover, the charge given by the district court did include the most important element of Phillips' requested charge. Indeed, the jury *was* instructed that it could find Phillips guilty of the conspiracies alleged in Counts I and II *only* if a conspiracy existed between Phillips and one other person and if he was a member of the conspiracy charged in the indictment and not some other conspiracy. Clearly, the district court's instruction to the jury contained the essentials of the charge without unduly confusing the jury. We find that the district court did not abuse its discretion in failing to give the requested charge.

### IV.

■ Finally, Phillips' last argument addresses the sentence itself. Phillips contends that the upward departure of four levels by the district court was a violation of the Sentencing Guidelines because the district court made an allegedly erroneous finding that Phillips was a leader or an organizer under § 3B1.1(a) of the Guidelines. The government correctly notes that the district court did not make an upward departure from the Guidelines, but rather, enhanced Phillips' offense level due to his role in the organization.

In *United States v. Ortiz,* 878 F.2d 125 (3d Cir.1989), we dealt with the factors the sentencing court should consider in determining whether an individual acted as a "leader" or an "organizer." These factors include:

the exercise of decisionmaking authority, the nature of the participation in the commission of the offense, the recruit-

ment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

*Ortiz,* 878 F.2d at 127, *citing* Sentencing Guidelines § 3B1.1 commentary. The examination of these elements involves a factual determination by the sentencing court which we can reverse only if we find the decision to be clearly erroneous. 878 F.2d at 127. We consider a finding to be clearly erroneous when, although there is evidence to support it, we are left, after reviewing all the evidence, with a firm conviction that a mistake has been made. *Ciba–Geigy Corp. v. Bolar Pharmaceutical Co., Inc.,* 747 F.2d 844, 850 (3d Cir.1984).

The background comment to Guideline § 3B1.1 notes: "This section provides a range of adjustments to increase offense level based upon the size of the criminal organization (*i.e.,* the number of participants in the offense) and the degree to which the defendant was responsible for committing the offense." Sentencing Guidelines Manual, § 3B1.1, commentary. Clearly, § 3B1.1 is intended to apply to criminal activity engaged in by more than one participant. Moreover, because § 3B1.1 does not apply when a defendant engages in criminal activity that is executed without the aid of others, for § 3B1.1 to apply, "the defendant must have exercised some degree of control over others involved in the commission of the offense." *United States v. Fuller,* 897 F.2d 1217, 1220 (1st Cir.1990). *See also United States v. Mares–Molina,* 913 F.2d 770, 773 (9th Cir.1990) ("in distinguishing 'leaders and organizers' from 'managers and supervisors', ... some degree of control or organizational authority is required for section 3B1.1 to apply").

The district court found that Phillips was the source of cocaine for the group which included five or more people. Phillips chose the times when he would travel to Philadelphia and recruited people to travel with him. Once he obtained the cocaine,

Phillips was responsible for storing it at two different locations until it was needed by Jarmon to distribute. Moreover, the court found that when Phillips' supply was gone, he directed others to Darryl Jarmon. The court concluded with the finding that Phillips was equally culpable with Darryl Jarmon as an organizer of the distribution scheme. (Guidelines § 3B1.1 allows for a finding that more than one person held an aggravating role in the organization and provides for sentencing accordingly.) App. at 682–84.

Our independent review discloses that the record, which includes testimony by Phillips' co-conspirators and transcripts of the wiretaps, supports the findings of the district court. Derrick Powell testified that he saw cocaine in Phillips' possession on two separate occasions, once in Philadelphia and once in Sussex County at Darryl Jarmon's house. App. at 290–92. Moreover, he testified that if Phillips did not travel to Philadelphia, there would not be any cocaine to sell. App. at 298.

For example, on the evening of December 27, 1989, Jarmon placed more than ten calls to Phillips' house attempting to contact his source. While Jarmon attempted to reach Phillips, Jarmon received calls from several people who wanted to know if Jarmon had heard anything yet about the status of the cocaine. App. at 509–512. On the previous evening, Jarmon had asked Phillips if he was going to Philadelphia to get a supply of cocaine, but Jarmon was not able to demand that Phillips go. App. at 501. Clearly, Phillips was able to set his own timetable and manner of purchasing the cocaine as well as recruiting others to accompany him.

At the time of his arrest at a liquor store on December 28, 1989, Phillips was found to have $3,410 in cash in his pocket. This was less than a day after he had returned from purchasing cocaine in Philadelphia. His accomplice was found to have two plastic bags of cocaine in his possession. One bag was in the accomplice's pocket, the other the accomplice had attempted to throw on the floor when the police arrived. App. at 128–30. The discovery of that much cash in Phillips' possession would bear out that he was able to receive a larger share of the profits than others in the organization.

We conclude that there is sufficient record evidence from which the district court could conclude that Phillips acted in the role of organizer or leader. Consequently, we cannot say that, in determining that Phillips acted in that role, the district court's finding was clearly erroneous.

## V.

We will affirm the judgment of conviction and order of sentence entered by the district court.

ROSENN, Circuit Judge, concurring and dissenting.

I join in parts I, II, and III of the majority's opinion, but respectfully dissent from part IV affirming Phillips' sentence. I cannot agree with the majority that there is sufficient record evidence from which the district court could conclude that Phillips acted in the role of a leader or an organizer.

The majority concludes that an independent review of the record supports the district court's finding that Phillips acted as a "leader" or an "organizer" of criminal activity. There is evidence that Phillips recruited one or two persons to accompany him when he picked up drugs in Philadelphia and that Phillips was a principal source of cocaine to Jarmon. However, in my mind, this limited evidence alone is insufficient to support the severe four-level enhancement for leadership or organizational activity under *United States v. Ortiz*, 878 F.2d 125, 127 (3rd Cir.1989). *See* Maj. Opinion at 1191.

One of the principal considerations determining leadership or organizational characteristics under *Ortiz* is "the degree of control and authority exercised over others." *Ortiz*, 878 F.2d at 127. Here, there is no evidence that Phillips exercised any control over Jarmon or the other members of Jarmon's drug distribution ring. Similarly, his role as one of several suppliers to Jarmon makes Phillips nothing more than a conduit of drugs, but is not evidence of control

over Jarmon or Jarmon's drug ring. Nor does Phillips' supply of drugs to Jarmon constitute "the exercise of decisionmaking authority" within the drug ring. *See Ortiz*, 878 F.2d at 127.

The majority relies on Derrick Powell's testimony that he saw cocaine in Phillips' possession on two separate occasions. I am unable to see how possession of cocaine on two occasions renders one a "leader" or an "organizer" of criminal activity under *Ortiz*. The majority also relies on Powell's testimony that if Phillips did not travel to Philadelphia, there would not be any cocaine to sell. Certainly, this evidence supports the district court's finding that Phillips provided a flow of cocaine into the distribution scheme; however, the indirect effect on the organization's drug distribution caused by Phillips' inability to obtain supplies is not the exercise of "control" or decision making authority enunciated in *Ortiz*. If Jarmon chose to rely primarily on Phillips to supply cocaine for distribution and Phillips could not always produce, this reveals only that Phillips was an unreliable supplier; not necessarily a leader in the organization.

The majority points to an occasion when Jarmon placed more than ten calls to Phillips' house in an attempt "to contact his source" and that several people called in the interim to check on the status of the cocaine. (Maj. Opinion at 1192) This lends nothing to the conclusion that Phillips was a leader; it merely reveals that Jarmon was in dire need of cocaine for distribution on that particular occasion. In addition, the majority asserts that Phillips was a leader or an organizer because on the previous evening, Jarmon had inquired about Phillips' trip to Philadelphia to get a supply of cocaine but was unable to demand that Phillips go. Even if, as the majority states, this evidence suggests that Phillips was able to set his own timetable and manner of purchasing cocaine, this does not ipso facto transform Phillips into a "leader" or an "organizer" in Jarmon's drug organization. It only supports Phillips' contention that he was merely an independent drug supplier.

Moreover and significantly, there is no evidence that Phillips claimed the right of a larger share of the profits than others in

the organization. The majority concludes that Phillips "was able to receive a larger share of the profits than others in the organization" because the police found $3,410 in cash in his pocket on the day of his arrest. I disagree with this conclusion for two reasons. First, there was no testimony linking the cash found on Phillips to the drug activities of the organization. Second, there is no evidence in the record regarding the extent of Phillips' share of the profits. I am unwilling to construe *Ortiz* in a manner that renders the mere possession of $3,410 in cash, without evidence of its source, proof that the defendant received a larger share of the profits.

Finally, the district court found that Phillips acted as an organizer because on various occasions he stored cocaine at two different locations until it was needed for distribution. A finding that storing drugs in the woods until a kingpin is ready to distribute them is a far cry from the type of "organization" of criminal activity required for the § 3B1.1 sentencing enhancement.

In sum, I believe that the evidence of Phillips' alleged leadership activity relied on by the majority supports nothing more than the finding that Phillips was an independent drug supplier to the Jarmon organization. Although I agree with the majority that more than one individual may function in a leadership capacity within a criminal organization, the Government has not established by the preponderance of the evidence that Phillips was a leader or an organizer of Jarmon's drug ring.

The court sentenced Phillips to the maximum term of confinement for his offenses and his alleged leadership role, 188 months or nearly 16 years. The enhancement, resting on slender reeds indeed, represents an additional five years and seven months of incarceration on top of an already severe sentence for offenses unaccompanied by violence, firearms, or other exacerbating circumstances.

The majority aptly observes that "we consider a finding to be clearly erroneous when, although there is evidence to support it, we are left, after reviewing all the evi-

**1194**

dence, with a firm conviction that a mistake has been made." (Maj. Opinion at 1191) Here, there is insufficient evidence to support the district court's finding of Phillips' leadership or organizational role and I am left with a firm conviction that the district court erred. Accordingly, I respectfully dissent from part IV of the majority's opinion.

SUR PETITION FOR REHEARING

May 11, 1992.

Present: SLOVITER, Chief Judge, BECKER, STAPLETON, MANSMANN, GREENBERG, HUTCHINSON, SCIRICA, COWEN, NYGAARD, ALITO, ROTH and ROSENN,* Circuit Judges.

The petition for rehearing filed by appellant pro se in the above entitled case having been submitted to the judges who participated in the decision of this court and to all other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.