

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2002

# USA v. McArthur

Precedential or Non-Precedential:

Docket 1-2621

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. McArthur" (2002). *2002 Decisions.* Paper 197.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/197

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2621



UNITED STATES OF AMERICA

v.

ROVELLE MCARTHUR

Rovelle Lee McArthur,

Appellant



ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

(Dist. Court No. 00-cr-00738)
District Court Judge: Honorable Garrett E. Brown, Jr.



Submitted Under Third Circuit LAR 34.1(a)
March 7, 2002

Before: BECKER, Chief Judge, ALITO and RENDELL, Circuit Judges

(Opinion Filed: March 22, 2002)



OPINION OF THE COURT


PER CURIAM:

This is an appeal from a judgment in a criminal case following
the entry of

a guilty plea.  Because we write for the parties only, the background of the case need not be set out.

We reject the defendant's argument that the District Court committed clear error in determining that he was an "organizer, leader, manager, or supervisor" in the drug distribution conspiracy, thereby warranting a two-level upward adjustment pursuant to U.S.S.G.  3B1.1(c).  We therefore affirm the District Court's judgment.

The defendant contends that the District Court committed clear error because the evidence did not establish that he exercised control over others in the group in the commission of the crime.  Several factors indicate whether the defendant was an organizer or leader:

the exercise of decisionmaking authority, the nature of the participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

See U.S.S.G. 3B1.1 Application Note 4; see also United States v. Phillips, 959 F.2d 1187, 1191 (3d Cir. 1992).  Moreover, to be a manager or supervisor under U.S.S.G. 3B1.1(c), a person need only direct or control the actions of at least one other individual. See United States v. Bethancourt, 65 F.3d 1074, 1081 (3d Cir. 1995).

Applying these factors, we conclude that the District Court's adoption of the factual findings contained in the Pre-Sentence Report was not clearly erroneous.  The evidence supported the conclusion that the defendant organized, led, managed, or supervised at least one other member of the group in the commission of the crime charged.

We have considered all of the defendant's arguments and see no basis for reversal.  The judgment of the District Court is therefore affirmed.

.