

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-13-2005

# USA v. Stewart

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4554

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Stewart" (2005). *2005 Decisions.* Paper 1199.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1199

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

Nos. 02-4381/4554

————

UNITED STATES OF AMERICA

<u>Appellee</u>

v.

JAMES MELTON a/k/a Jay-Mo, a/k/a JOHN MELTON, a/k/a JASON MELTON, a/k/a
DAVID McGHAE

<u>Appellant No. 02-4381</u>

————

UNITED STATES OF AMERICA

<u>Appellee</u>

v.

PATRICK STEWART

<u>Appellant No. 02-4554</u>

————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 00-cr-00384-07, 00-cr-00384-03)
District Judge: The Honorable Stephen M. Orlofsky

————

1

Before: SLOVITER, FISHER and ALDISERT, <u>Circuit Judges</u>

(Filed: May 13, 2005)

———

OPINION OF THE COURT

———

ALDISERT, <u>Circuit Judge</u>.

Appellants James Melton and Patrick Stewart (collectively "defendants") appeal their convictions and sentences for, <u>inter alia</u>, conspiracy to distribute and possession with intent to distribute more than five grams of cocaine in violation of 21 U.S.C. § 846. Defendants were members of a large-scale drug trafficking organization headed by Earl Wynn. They were tried together and a jury returned a guilty verdict. The District Court sentenced Melton to concurrent terms of 480 months and 48 months and Stewart to concurrent terms of 121 months and 48 months. The defendants' appeals were consolidated by an order of this Court.

We must decide whether: (1) the District Court erred in accepting the wiretap affidavit; (2) the District Court exceeded the permissible bounds of discretion in admitting evidence pursuant to Rule 404(b) of the Federal Rules of Evidence; (3) the District Court exceeded the permissible bounds of discretion by not declaring a mistrial; (4) there was sufficient evidence to support the defendants' convictions; and (5) the

District Court erred in sentencing the defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291. We will affirm the conviction, vacate the sentences and remand for re-sentencing in accordance with <u>United States v. Booker</u>, 543 U.S.—, 125 S.Ct. 738 (2005).

## I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

## II.

Melton contends that the wiretap evidence should be suppressed because the government's affidavit for authorization failed to establish the necessity for the wiretap. "We review <u>de novo</u> the question of whether a full and complete statement of necessity for a wiretap was made in the application. Once it is determined that the statement was made, we will review the court's determination of necessity for an abuse of discretion." <u>United States v. Phillips</u>, 959 F.2d 1187, 1189 (3d Cir. 1992).

In order to use a wiretap, the government must submit an application in writing that states, <u>inter alia</u>, that "whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c) (2000). A judge must then make a similar determination. § 2518(3)(c). These provisions were designed to assure that wiretapping is not employed when traditional investigative techniques would be sufficient. <u>United States</u>

3

v. Kahn, 415 U.S. 143, 153 n. 12 (1974). We have explained that "[i]t is sufficient that the government show that other techniques are impractical under the circumstances and that it would be unreasonable to require pursuit of those avenues of investigation." United States v. Vento, 533 F.2d 838, 849 (3d Cir. 1976).

Here, the government's affidavit detailed how normal investigative procedures had been tried and were unlikely to succeed again. For example, the affidavit stated that: (1) physical surveillance had to be used sparingly because the drug traffickers could easily identify law enforcement officers; (2) video surveillance had been detected and vandalized; (3) Earl Wynn was adept at counter-surveillance; (4) pen registers provided limited information; and (5) the confidential source expressed safety concerns. Accordingly, the information provided by the government's affidavit was more than sufficient to demonstrate the need for a wiretap under the applicable case law.

### III.

Melton contends also that the District Court exceeded the permissible bounds of discretion in admitting evidence pursuant to Rule 404(b). We review a district court's decision to admit evidence for an abuse of discretion, which "may be reversed only when clearly contrary to reason and not justified by the evidence." United States v. Butch, 256 F.3d 171, 175 (3d Cir. 2001) (internal citations omitted). Rule 404(b) prohibits the use of evidence of "other crimes, wrongs, or acts" to prove the character of a person. In Butch, we said:

4

> The "threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character." This Court recently set out a four-factor standard governing the admissibility of evidence pursuant to Rule 404(b), which requires: (1) a proper evidentiary purpose; (2) relevance under Rule 402; (3) a weighing of the probative value of the evidence against its prejudicial effect under Rule 403; and (4) a limiting instruction concerning the purpose for which the evidence may be used.

Id. at 175 (internal citations omitted).

Here, the District Court noted that the testimony of a co-conspirator could be considered relevant to provide necessary background information, to show an ongoing relationship between Melton and his co-conspirators and to help the jury understand the co-conspirator's role in the scheme. The court also concluded that the probative value of the evidence outweighed the prejudicial value and gave the jury limiting instructions. Accordingly, it did not exceed the permissible bounds of discretion.

IV.

Further, Melton argues that the District Court erred in not declaring a mistrial. In its case-in-chief, the government may not adduce testimony of a defendant's imprisonment. United States v. Gray, 468 F.2d 257, 260 (3d Cir. 1972). We review a district court's denial of a mistrial for abuse of discretion. United States v. Xavier, 2 F.3d 1281, 1285-1286 (3d Cir. 1993).

Melton seizes upon two brief and ambiguous remarks to show that the government presented evidence that he was imprisoned. As to the first statement, Melton's counsel

5

admitted that it was not sufficient to ask for a mistrial because the witness's statement was ambiguous. The second statement, ambiguous at best, was stricken from the record. We have held that courts must "normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it . . . . " United States v. Fisher, 10 F.3d 115, 119 (3d Cir. 1993). Accordingly, the District Court did not exceed the permissible bounds of discretion in denying a mistrial.

V.

Both defendants raise sufficiency of the evidence questions. We exercise plenary review over challenges to the sufficiency of the evidence, United States v. Taftsiou, 144 F.3d 287, 290 (3d Cir. 1998), to determine whether the trial evidence, when viewed in the light most favorable to the government, would allow a rational trier of fact to convict, United States v. Hart, 273 F.3d 363, 371 (3d Cir. 2001).

Wynn's testimony was sufficient to establish guilt on all counts and his statements were corroborated by other witnesses. Both defendants attack Wynn's credibility and Stewart contends that Wynn "admitted" lying to the jury. It is not our role to assess the credibility of witnesses. United States v. Carr, 25 F.3d 1194, 1202-1203 n. 3 (3d Cir. 1994). Accordingly, there is sufficient evidence for the jury's verdict.

VI.

Both defendants challenge their sentences. Having concluded that the sentencing issues raised here are best determined by the District Court in the first instance, we will

6

vacate the sentence and remand for re-sentencing in accordance with United States v. Booker, 543 U.S.—, 125 S.Ct. 738 (2005).

* * * * *

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary.

The judgment of the District Court relating to the defendants' convictions will be affirmed. We will vacate the sentences and remand for re-sentencing in accordance with Booker.