

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-2-2008

# USA v. Lopez-Rosado

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3331

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Lopez-Rosado" (2008). *2008 Decisions.* Paper 914.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/914

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-3331

UNITED STATES OF AMERICA

v.

CARLOS LOPEZ-ROSADO,

Appellant

———————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 04-CR-00189-4
District Judge: The Honorable William W. Caldwell

———————————

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
July 1, 2008

Before: RENDELL, SMITH, and FISHER, *Circuit Judges*

(Filed: July 2, 2008)

———————————

OPINION

———————————

SMITH, *Circuit Judge*.

Carlos Lopez-Rosado pleaded guilty to an information charging him with

distribution and possession with intent to distribute cocaine and marijuana in violation of

21 U.S.C. § 841. The United States District Court for the Middle District of Pennsylvania

1

sentenced Lopez-Rosado to 148 months of imprisonment. We vacated that sentence, however, and remanded for resentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2006). On remand, the prosecution offered testimony by a government agent regarding the quantity of cocaine and marijuana at issue, as well as Lopez-Rosado's role in the offense. At the conclusion of that testimony, the District Court resentenced Lopez-Rosado to 148 months. This timely appeal followed.[1]

Lopez-Rosado contends that he was simply a supplier of the cocaine and marijuana and that the District Court erred by applying a two-level enhancement under U.S.S.G. § 3B1.1(c) for his role in the offense as an organizer, leader, manager, or supervisor.[2] We review for clear error the District Court's factual findings with regard to a defendant's role in the offense. *United States v. Belletiere*, 971 F.2d 961, 964 (3d Cir. 1992). We exercise plenary review of the District Court's interpretation of the Sentencing Guidelines. *Id.*

In *United States v. Phillips*, 959 F.2d 1187, 1191 (3d Cir. 1992), we considered whether a district court erred by enhancing a defendant's offense level under U.S.S.G.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. Appellate jurisdiction exists under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

[2] The government asserts that Lopez-Rosado waived this issue when he advised the District Court at the resentencing that he had no other objections to the presentence investigation report. Because defense counsel, only seconds later, also advised the District Court that this case was remanded on three issues, including the leadership role, we conclude that the issue was not waived.

§ 3B1.1 based on his role in the offense. We declared that "[c]learly, § 3B1.1 is intended to apply to criminal activity engaged in by more than one participant." *Id.* The Commentary to U.S.S.G. § 3B1.1 instructs that "[t]o qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of *one* or more other participants." U.S.S.G. § 3B1.1, applic. note 2 (emphasis added). At the resentencing hearing, the government agent's testimony established that Lopez-Rosado acted in a supervisory capacity by directing the activity of a drug courier, who transported significant amounts of cocaine from North Carolina to Pennsylvania. Nor has Lopez-Rosado challenged that assertion. Accordingly, we find that the District Court did not err by enhancing Lopez-Rosado's offense level by two points under U.S.S.G. § 3b1.1(c) based on his supervision of at least one other participant. We will affirm the judgment of the District Court.