OPINION
SMITH, Circuit Judge.
James Melton appeals from an order of the District Court denying his motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We review de novo Melton’s eligibility for a reduction of sentence. United States v. Sanchez, 562 F.3d 275, 277-78 (3d Cir.2009). For the reasons set forth below, we will affirm the District Court’s order.
Beginning in August of 1999 and continuing to June of 2000, law enforcement officials investigated a large-scale distribution of cocaine and crack cocaine in Camden, New Jersey. As a result of this investigation, an eleven-count Superseding Indictment was filed in September of 2001. Count one charged Melton and Patrick Stewart with knowingly conspiring with others to distribute and possess with intent to distribute more than 500 grams of cocaine and more than 5 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 846. Counts seven through eleven charged that Melton knowingly and intentionally used a communication facility, namely a cell phone, to facilitate the distribution of cocaine and crack cocaine, in violation of 21 U.S.C. §§ 843(b) and 843(d)(1). A jury found Melton guilty of all of the charges against him.
Before sentencing, the United States Probation Office prepared a Presentence Report (PSR). On the basis of evidence adduced at trial, the PSR stated that Melton was responsible for “distribut[ing] approximately two kilograms of crack cocaine per month” for thirteen months. Because this quantity was “more than 1.5 kilograms of crack cocaine” under U.S.S.G. § 2D1.1(c)(1), the PSR assigned a base offense level of 38. After other adjustments were made, Melton’s total offense level was 43 and his criminal history was category II, yielding a guideline range of life. Because this guideline range exceeded his statutory maximum, Melton’s guideline range was reduced to forty years on count one and four years each on counts seven through eleven.
At sentencing, Melton objected to the paragraphs of the PSR that attributed more than 1.5 kilograms of crack cocaine *181 to him. The District Court overruled Melton’s objection. The Court explained that it was “intimately familiar with the facts of this case,” as it had presided over the trial, and it concluded that “the evidence which supports the finding[s] in paragraphs 58, 61 and 62, is simply overwhelming.” After hearing argument on other objections and motions, the District Court sentenced Melton to 480 months on count one, and concurrent terms of 48 months each on counts seven through eleven.
On appeal, we affirmed Melton’s conviction, but remanded for resentencing pursuant to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). United States v. Melton, 131 Fed.Appx. 21 (3d Cir.2005). On remand, the matter was reassigned to a new judge because the judge who presided at trial had resigned. Although he had not presided at trial, the District Judge noted that the PSR set forth Melton’s role in the conspiracy. Defense counsel renewed Melton’s earlier objections and argued that the sentencing factors in 18 U.S.C. § 3553(a) warranted a sentence below forty years. With respect to the drug quantity, the Court stated that it was “clear ... under any standard of evidence that the amounts involved in this conspiracy are substantial, in excess of one and a half kilograms,” and that the guideline calculation was accurate in light of the “huge drug operation” giving rise to the charges. The District Court resentenced Melton to the same forty year term on count one, and concurrent terms of 48 months on counts seven’ through eleven.
A second appeal followed, which was unsuccessful. Thereafter, pursuant to 18 U.S.C. § 3582(c)(2), Melton filed a Motion for Reduction of Sentence based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels for crack cocaine offenses by two levels. See U.S.S.G. § 201.1(c), App. C, Amend. 706 (2007). The District Court denied the motion. It explained that the amount of crack cocaine attributed to Melton was more than the new “4.5 kilogram floor” in U.S.S.G. § 2D.l(c)(l) (2008 edition), thereby yielding the same base offense level of 38. Because the amendment did not lower Melton’s guideline range, the District Court reasoned that § 3582(c)(2) did not apply. Melton filed a Motion for Reconsideration, arguing that the District Court erred because the original sentencing judge found that he was responsible for only 1.5 kilograms of crack cocaine. Such a finding would have lowered his base offense level to 36 under Amendment 706. The Court disagreed. This timely appeal followed.
Melton contends that the District Court erred by concluding that he was responsible for more than 4.5 kilograms of crack cocaine. He asserts that the original sentencing judge found that he was responsible for only 1.5 kilograms of crack cocaine, which would result in a base offense level of 36 under Amendment 706. Melton is wrong. The PSR specifically stated that Melton was responsible for “approximately two kilograms of crack cocaine per month” and that the life of the conspiracy was 13 months, a total of 26 kilograms. Although Melton objected to these findings, the original sentencing judge overruled the objections, citing the trial testimony and commenting that the evidence supporting these findings “is simply overwhelming.” Accordingly, the District Court’s statement in its order denying the motion for reconsideration that the original sentencing judge “did not find that defendant was responsible for only 1.5 kilograms of crack cocaine” was not erroneous. Because the District Court relied upon the findings of the PSR both at the resentencing and in denying the motion for reduction, we find no error in the District Court’s determination that under amended § 2Dl.l(c) the amount of crack cocaine attributable to *182 Melton was more than 4.5 kilograms. That amount yields a base offense level of 38. As a consequence, Melton’s guideline range is unchanged and he is ineligible for a sentence reduction under § 3582(e)(2).[1] United States v. Doe, 564 F.3d 305, 315 (3d Cir.2009).
We will affirm the order of the District Court.

. Because Melton was ineligible for a reduction of sentence under § 3582(c)(2), there is no need to consider his argument that the sentencing factors in § 3553(a) warrant a further reduction of his term of imprisonment.