**UNITED STATES of America**

v.

**Kenneth A. EVANS, Appellant.**

**No. 08–2528.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 1, 2009.

Opinion filed: Dec. 15, 2009.

Floyd J. Miller, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Kenneth A. Evans, Wilmington, DE, pro se.

Before: AMBRO, GARTH, and ROTH, Circuit Judges.

OPINION

AMBRO, Circuit Judge.

Kenneth A. Evans ("Evans") was convicted in the Eastern District of Pennsylvania of three counts of filing false tax returns (in violation of 26 U.S.C. § 7206(1)) and two counts of tax evasion (in violation of 26 U.S.C. § 7201). The District Court sentenced him to 36 months' imprisonment. He now challenges his conviction and sentence.[1] We affirm both.

## I. Background

Because we write solely for the parties, we will recite only those facts necessary to our disposition. Evans, a sales representative, stopped filing tax returns in 1999. In January 2001, he filed a civil suit in federal court against the Government re-

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

questing a full refund of his 1999 federal income tax. Evans claimed that no legal authority required him to pay income tax on his wages, the filing of a tax return would violate his Fifth Amendment right against self-incrimination, and the Sixteenth Amendment does not grant the Government authority to tax directly his wages without apportionment. In June 2001, the District Court found in the Government's favor on summary judgment. The Court, noting that these types of tax protest claims were appearing with some frequency, rejected in detail Evans' claims. Evans appealed, and we affirmed the District Court, noting the clear precedent that explicitly rejects Evans' arguments. *See Evans v. United States,* No. 01–3161, 32 Fed.Appx. 31 (3d Cir. Mar.26, 2002) (unpublished). We ordered Evans to pay $4,000 as a sanction for filing a frivolous appeal. The United States Supreme Court denied Evans' request for a writ of certiorari.

In August 2001, the IRS sent Evans a report regarding Evans' failure to file his 1999 return. At a meeting requested by Evans, IRS agents Vastardis and Burton informed Evans that his earnings were taxable income and Evans was required to file a return to obtain a refund for 1999. The meeting was recorded at Evans' request.

After this meeting, Evans filed a late tax return for the year 2000. He listed his income as zero, yet the Form W–2 wage and tax statement submitted by his employer showed he was paid over $55,000 in wages in 2000. Evans again reported zero income in his 2001 tax return. The corresponding W–2 showed he earned over $77,000 in 2001. In his 2000 and 2001 tax returns, Evans sought a refund of all taxes that had been withheld from his paychecks. The IRS denied these refund claims.

In January 2002, Evans submitted an IRS Form W–4 to his employer claiming he was exempt from withholding because he had no tax liability. His employer complied with this request and did not withhold federal taxes from 2002 through 2004. Evans did not file a tax return for the years 2002 and 2003.

In March 2003, Evans filed a second civil suit against the Government for a refund of federal income tax he paid in the 2000 and 2001 tax years. The District Court held a hearing and allowed Evans to argue his position. In granting judgment for the Government and rejecting Evans' arguments, the District Court noted that, instead of paying the sanctions imposed by our Court, Evans chose to burden the federal courts with yet another frivolous suit. The District Court imposed an additional $1,000 sanction.

In November 2004, the IRS wrote to Evans regarding his failure to file returns, and Evans met with IRS Agents Michael Taibi and Susan Hough. This meeting also was recorded at Evans' request. Evans argued that he was not required to file returns because he had no taxable income. Agent Taibi communicated with Evans' employer to request they begin withholding federal income tax. Taibi then referred the matter for criminal investigation.

In January 2005, Evans submitted to his employer a form "W–4E," captioned "Exemption from Withholding," in which he claimed he was exempt from withholding. The company did not honor the exemption request, as the "form" was not Government-issued. Evans filed a tax return for 2004 stating that he had no income, as he had done in his 2000 and 2001 returns.

A grand jury indicted Evans for filing false tax returns in the years 2000, 2001, and 2004, and tax evasion for the years 2002 and 2003. At trial, the Government

presented testimony of several IRS agents regarding Evans' filing history. The agents testified about the meetings with Evans in 2001 and 2004, and a recording was played of a December 2005 interview between Evans and an IRS agent with the criminal investigation division. Evans' Forms W–4 and Forms W–2 were introduced, and representatives of his employer described his withholding and wage history. Evidence was presented of the rejection of Evans' position by two District Court judges and the imposition of sanctions by this Court for filing a frivolous appeal. The Government also introduced evidence of Evans' tax-protestor status and activities, including postings from Evans' website regarding his tax beliefs and e-mails between Evans and other tax protestors.

Evans testified at length on his own behalf. He presented his interpretation of the case law, Tax Code, and IRS regulations. Evans claimed that Agent Vastardis told him at the 2001 meeting that a filer must declare that he had no income in order to claim a refund, and that filing a return was voluntary and not mandatory. Evans played selected portions of the tape of this meeting, and introduced numerous exhibits, including attachments to his W–4s.

The jury convicted Evans on all counts, and this appeal followed his sentencing.

## II. Discussion

Evans makes four arguments on appeal: (1) the District Court erred by not admitting attachments to Evans' Form W–4s contemporaneously under Federal Rule of Evidence 106; (2) the evidence presented at trial was insufficient to establish Evans willfully failed to file tax returns and filed false tax returns; (3) the District Court erred in its jury charge; and (4) it relied on an impermissible factor in varying upward from the advisory Guidelines range.

## A. Evidentiary Challenge

The prosecution introduced into evidence the "Employee's Withholding Allowance Certificate," IRS Form W–4, completed by Evans in the years 2002, 2003, and 2004. The District Court denied Evans' motion *in limine* to admit letters and a videotape Evans attached to his W–4s, including letters to his employer explaining his view that he had no income tax liability and instructing his employer not to withhold any taxes. The District Court's decision to admit or exclude evidence is reviewed for abuse of discretion. *United States v. Mathis,* 264 F.3d 321, 326–27 (3d Cir.2001).

■ Evans claims that the District Court's denial of his motion was an abuse of discretion under Federal Rule of Evidence 106, which provides that

[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

This codification of the doctrine of completeness guards against the potential for evidence to be misleading when presented out of context. Admission of additional evidence is compelled "if it is necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding." *United States v. Soures,* 736 F.2d 87, 91 (3d Cir. 1984). Evans asserts that failure to include his writings and the video with the Form W–4s gave the jury a distorted and misleading view, as Evans incorporated them specifically to provide his reasoning for completing the forms in the manner he did.

The District Court found that a Form W–4 is a distinct and complete Govern-

ment-issued document, and the mere fact that Evans appended writings or videos did not render these additional submissions part of the Form W–4. The District Court also concluded that the Form W–4 alone was not so misleading or unfairly prejudicial as to warrant application of Rule 106.

Even were we to assume this was an abuse of discretion, any conceivable error was harmless. Under our traditional harmless error standard, a non-constitutional error is harmless when it is *"highly probable* that the error did not contribute to the judgment." *United States v. Gambone,* 314 F.3d 163, 177 (3d Cir. 2003) (internal quotation marks and citation omitted) (emphasis in original). "High probability requires that the court possess a sure conviction that the error did not prejudice the defendant." *Id.* (internal quotation marks and citation omitted).

Here, one of the letters attached to a Form W–4 was discussed in detail during cross-examination of Evans' employer's corporate counsel. (*See* Gov't App. 170–74.) Moreover, Evans testified about various letters he wrote to the IRS containing largely the same arguments he made in letters attached to the Form W–4s. Evans opined at length at trial about his reasons for completing the Form W–4s as he did. Therefore, any error was harmless.

## B. Sufficiency of the Evidence

Evans argues that the trial evidence was insufficient to show that he willfully failed to file tax returns and willfully filed false tax returns.[2] In support of this contention, Evans contends that the Government

did not prove willfulness, an element of the five counts in the indictment. We are unpersuaded.

"Willfulness requires the voluntary, intentional violation of a known legal duty as a condition precedent to criminal liability." *United States v. McKee,* 506 F.3d 225, 236 (3d Cir.2007) (*citing Cheek v. United States,* 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991)). This element "protects the average citizen from criminal prosecution for innocent mistakes in filing tax forms that may result from nothing more than negligence or the complexity of the tax laws." *Id.* Willfulness is negated by a defendant's good faith belief that he is not violating any laws. *Cheek,* 498 U.S. at 202, 111 S.Ct. 604. Once raised as a defense, the burden is on the Government to prove the defendant did not have a good faith belief. *Id.*

Viewing the evidence in the light most favorable to the Government, the element of willfulness is satisfied here by the judgments of two District Courts and our Court in the civil cases brought by Evans, communications to Evans by IRS agents, Evans' failure to file, evidence of his tax protest activities, and his knowledge of the conviction and sentencing of another tax protestor. Numerous authorities, including our Court, informed Evans of his duty to file a return and treat his wages as income. This is not a case of a good faith misunderstanding of a tax law provision. This is a case where the defendant knew and understood the law. Someone who knows the law and disagrees with it is not someone who in good faith believes the law does not apply to him.

---

**2.** " 'We apply a particularly deferential standard of review when deciding whether a jury verdict rests on legally sufficient evidence.' " *United States v. Soto,* 539 F.3d 191, 193–94 (3d Cir.2008) (*quoting United States v. Dent,* 149 F.3d 180, 187 (3d Cir.1998)). We will sustain the verdict if, viewing the evidence in the light most favorable to the Government, " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *Id.* at 194 (*quoting Dent,* 149 F.3d at 187).

## C. Jury Instructions

Evans next challenges several of the District Court's jury instructions. When a party timely objects to jury instructions, "[w]e exercise plenary review to determine whether jury instructions misstated the applicable law, but in the absence of a misstatement we review for abuse of discretion." *Cooper Distrib. Co. v. Amana Refrigeration, Inc.*, 180 F.3d 542, 549 (3d Cir.1999). However, where a party claiming error in a jury instruction "did not make a timely objection, we review for plain error." *Id.* We will reverse if that error was "fundamental and highly prejudicial, such that the instructions failed to provide the jury with adequate guidance and our refusal to consider the issue would result in a miscarriage of justice." *Id.* (internal quotation marks and citations omitted).[3]

Where a district court denies a requested jury instruction, we will reverse "only when the requested instruction was correct, not substantially covered by the instructions given, and was so consequential that the refusal to give the instruction was prejudicial to the defendant." *United States v. Phillips*, 959 F.2d 1187, 1191 (3d Cir.1992). Jury instructions are to be read as a whole. *United States v. Flores*, 454 F.3d 149, 157 (3d Cir.2006). "It is well-settled that the trial judge retains discretion to determine the language of the jury charge . . . [s]o long as the court conveys the required meaning," and the court is under no obligation to use language proffered by the defendant. *Id.* at 161.

First, Evans challenges the District Court's use of the word "genuine" when it instructed the jury that a defendant's disagreement with a legal duty, even if genuine, does not provide a good faith defense. Read in context, the District Court accurately instructed the jury on the issue of good faith in accordance with Supreme Court and Third Circuit precedent.

■ Relatedly, Evans argues that the District Court erred in refusing to give his proposed good faith and willfulness instructions and a theory-of-the-defense instruction. However, the Court's explanation of willfulness in the jury charge substantially covered the relevant points and allowed Evans to argue his theory of the case. Therefore, the Court's refusal to include specific language or instruct on particular legal arguments requested by Evans was not an abuse of discretion.

■ Evans also claims that the District Court erroneously informed the jury that willfulness does not require that Evans knew his conduct was in violation of the law. Although Evans is correct in noting that the Court misspoke on one occasion while giving the jury instructions, the mistake was corrected when the Court accurately stated repeatedly that willfulness required proof that Evans knew his conduct violated the law, and on numerous occasions informed the jury that willfulness required violation of a "known legal duty." Given the instructions in their entirety, this one misstatement could not have confused the jury. Therefore, the jury was properly charged on the willfulness element.

Evans' remaining challenges to the jury charge, which include a challenge to the state-of-mind instruction and a reference to income under the Tax Code, are without merit. Viewing the jury instructions in their entirety and in context, the District Court did not abuse its discretion.

---

**3.** Evans objected to the Court's instructions on willfulness and the Court's refusal to give certain of Evans' proposed instructions. Therefore, these instructions are subject to harmless error review. Evans did not preserve his objection to his proposed theory of the defense instruction, and he concedes this issue is reviewed for plain error.

## D. Sentencing

Finally, Evans argues that the District Court improperly relied on the two civil tax suits filed by Evans against the United States in its consideration of the 18 U.S.C. § 3553(a) factors. This is Evans' only complaint regarding his sentencing; he does not challenge the calculation of the Guidelines range or the Court's consideration of the § 3553(a) factors in general.

 We review the District Court's sentence for reasonableness under an abuse of discretion standard. *United States v. Tomko*, 562 F.3d 558, 564, 567 (3d Cir. 2009) (en banc). "Where, as here, a district court decides to vary from the Guidelines' recommendations, we 'must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Id.* at 561 (*quoting Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)).

The Guidelines range was 15 to 21 months. The District Court imposed an above-Guidelines sentence of 36 months. It discussed at length the factors set forth at 18 U.S.C. § 3553(a). We do not think it was improper for the Court, in evaluating those factors (including the nature and circumstances of the offense), to consider that, despite several courts' unequivocal rejection of Evans' claims that his income was not subject to taxation, Evans continued to violate the law.[4] The Court noted Evans' disrespect for the court process, his disdainful interactions with IRS agents, the need for him genuinely to appreciate the authority of the law, and the need to deter the public. We have no hesitancy in concluding that it rationally and meaningfully considered the § 3553(a) factors, and the sentence of 36 months was reasonable in this case.

\*     \*     \*     \*     \*     \*

For these reasons, we affirm both Evans' conviction and sentence.

---

4. Evans' allegation that this violated his First Amendment rights is meritless.